UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BELLOWS,<br><br>    Plaintiff,<br><br> v.<br><br>K. VANG, et al.,<br><br>    Defendants. | Case No.: 1:22-cv-00300-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Patricia Bellows is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I. INTRODUCTION**

On March 4, 2024, the Court issued its Second Screening Order. (Doc. 14.) This Court found Plaintiff's first amended complaint plausibly alleges Eighth Amendment failure to protect claims against Defendants Villaboas and Voguel, as well as an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant McClain but fails to allege any other cognizable claim against any other named Defendant. (*Id*. at 5-14.) As a result, Plaintiff was ordered to do one of the following within 21 days of the date of service of the order: (1) notify the Court in writing that she did not wish to file a second amended complaint and she was willing to proceed only on the Eighth Amendment failure to protect claims against Defendants Villaboas and Voguel, and the Eighth Amendment deliberate indifference to serious medical needs claim

against Defendant McClain; the remaining claims against any defendant to be dismissed; *or* (2) file a second amended complaint curing the deficiencies identified by the Court in the Second Screening Order; *or* (3) file a notice of voluntary dismissal. (*Id*. at 15.) Despite the passage of more than 21 days, Plaintiff has failed to respond to the Court's Second Screening Order in any way.

## II. DISCUSSION

### A. Legal Standard

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

Here, Plaintiff has failed to file either a notice to proceed on the claims found cognizable by the Court, or a second amended complaint, or a notice of voluntary dismissal. The Court cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation

and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's Second Screening Order directed Plaintiff to elect one of three options: to proceed on her Eighth Amendment failure to protect claims against Defendants Villaboas and Voguel, as well as an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant McClain, the remaining claims to be dismissed, or to file a second amended complaint curing the deficiencies identified in the March 4, 2024 screening order, or to file a notice of voluntary dismissal. (Doc. 14 at 15.) Plaintiff has taken no action whatsoever. Because Plaintiff has failed to comply with the Second Screening Order, her inaction amounts to an unreasonable delay in prosecuting this case resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file a notice to proceed on her cognizable claims, a second amended complaint or a notice of voluntary dismissal, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. The Court's March 4, 2024 screening order expressly warned Plaintiff as follows: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for a failure to obey a court order and for failure to prosecute.**" (Doc. 14 at 16, emphasis in original.) The First Screening Order included the same warning. (*See* Doc. 12

at 11.) Finally, Plaintiff was also previously warned of the potential for dismissal for a failure to obey court orders in this Court's First Informational Order In Prisoner/Civil Detainee Civil Rights Case, issued March 15, 2022, to wit: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), and the Local Rules of the United States District Court, Eastern District of California ('Local Rules'), as modified by this Order. Failure to comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 5 at 1.) Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

### III.  CONCLUSION AND RECOMMENDATIONS

The Clerk of the Court is **DIRECTED** to assign a district judge to this action.

Further, for the reasons set forth above, the undersigned **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 2, 2024**

UNITED STATES MAGISTRATE JUDGE

4