1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   PATRICIA BELLOWS,                    Case No.: 1:22-cv-00300-KES-CDB

12              Plaintiff,                **ORDER TO SHOW CAUSE WHY ACTION
                                          SHOULD NOT BE DISMISSED FOR**
13        v.                              **PLAINTIFF'S FAILURE TO OBEY COURT
                                          ORDER**
14   K. VANG, et al.,
                                          **14-DAY DEADLINE**
15              Defendants.

16

17        Plaintiff Patricia Bellows is proceeding pro se and *in forma pauperis* in this civil rights

18   action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment

19   failure to protect claims against Defendants Villaboas and Voguel, and Eighth Amendment

20   deliberate indifference to serious medical needs claim against Defendant McClain.

21        **I.      INTRODUCTION**

22        On October 30, 2024, the Court issued its Order Referring Case to Post-Screening ADR

23   and Staying Case for 120 Days. (Doc. 28.) In relevant part, the parties were directed to "file the

24   attached notice, indicating their agreement to proceed to an early settlement conference or their

25   belief that settlement is not achievable at this time" within 45 days of the date of the order. (*Id*. at

26   2.) Defendants timely filed their notice on December 13, 2024. (Doc. 29.)

27        Despite the passage of more than 45 days, Plaintiff has failed to submit a completed

28   Notice Regarding Early Settlement Conference as directed.

## II.     DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to respond to the Court's order issued October 30, 2024. Specifically, despite the passage of more than 45 days, Plaintiff has failed to submit a completed Notice Regarding Early Settlement Conference as directed.

## III.     CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing **within 14 days** of the date of this order, why this action should not be dismissed for her failure to comply with the Court's order of October 30, 2024. Alternatively, by the same deadline, Plaintiff may comply with this order by submitting a completed Notice Regarding Early Settlement Conference.

**Failure to comply with this Order to Show Cause (OSC) may result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **December 18, 2024**                                _____

UNITED STATES MAGISTRATE JUDGE

2