UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BELLOWS,<br><br>             Plaintiff,<br><br>    v.<br><br>K. VANG, et al.,<br><br>             Defendants. | Case No.: 1:22-cv-00300-KES-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Patricia Bellows is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

On October 28, 2024, Defendants McClain, Villaboas, and Voguel filed an answer to Plaintiff's first amended complaint. (Doc. 27.)

On October 30, 2024, the Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 120 Days. (Doc. 28.) The parties were directed to "file the attached notice, indicating their agreement to proceed to an early settlement conference or their belief that settlement is not achievable at this time" within 45 days of the date of the order. (*Id*. at 2.) Defendants timely filed their notice on December 13, 2024. (Doc. 29.)

When more than 45 days passed without a response from Plaintiff, the Court issued its Order to Show Cause (OSC) Why Action Should Not Be Dismissed for Plaintiff's Failure to

Obey Court Order. (Doc. 30.) Plaintiff was directed to file a written response, or, in the alternative, the notice concerning an early settlement conference, within 14 days. (*Id*. at 2.)

More than 14 days have passed and Plaintiff has failed to respond to a court order.

## II.   DISCUSSION

### A.  Legal Standard

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.  Analysis

Here, Plaintiff has failed to file notice concerning her willingness to participate in an early settlement conference and has failed to respond to the Court's OSC. The Court cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the

occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendants have answered the operative complaint, and the Court has issued its order referring the action for an early settlement conference. Defendants timely filed their notice indicating a willingness to participate in a settlement conference. Plaintiff failed to file a timely notice and has not responded to the OSC concerning same. Her failures to comply with court orders amount to an unreasonable delay in prosecuting this case resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file a notice concerning her willingness to participate in an early settlement conference, and in failing to respond to the OSC, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Plaintiff was previously warned of the potential for dismissal for a failure to obey court orders in this Court's First Informational Order In Prisoner/Civil Detainee Civil Rights Case, issued March 15, 2022, to wit: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), and the Local Rules of the United States District Court, Eastern District of California ('Local Rules'), as modified by this Order. Failure to comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 5 at 1.) Next, the Court's first and second screening orders expressly warned Plaintiff as follows: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for a failure to obey a**

**court order and for failure to prosecute.**" (*See* Docs. 12 at 11 & 14 at 16, emphasis in original.) More significantly, the OSC issued December 18, 2024, included the following warning: "**Failure to comply with this Order to Show Cause (OSC) may result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute**." (Doc. 30 at 2, emphasis in original.) Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

This is not the first time Plaintiff has failed to timely comply with the Court's orders and diligently prosecute the action. Specifically, Plaintiff failed to timely respond to the Court's second screening order, necessitating issuance of similar findings and recommendations to dismiss the action, which subsequently were vacated when Plaintiff made a filing in which she acknowledged failing to timely comply with Court orders. (*See* Docs. 14, 16, 17.) The Court admonished Plaintiff then about the importance of timely complying with court orders and the consequences for failing to prosecute. (Doc. 18.) Under these circumstances, dismissal of the action is warranted.

### III. CONCLUSION AND RECOMMENDATION

For the reasons given above, the undersigned **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be

disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __**January 10, 2025**__         _____
                              UNITED STATES MAGISTRATE JUDGE