UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BELLOWS,<br><br>        Plaintiff,<br><br>    v.<br><br>K. VANG, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-00300-CDB<br><br>**ORDER REGARDING PLAINTIFF'S FILINGS OF JANUARY 30, 2025**<br><br>**ORDER DIRECTING CLERK OF THE COURT TO RE-SERVE DOCKET ENTRY NUMBERS 5, 33 AND 34** |

Plaintiff Patricia Bellows is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment failure to protect claims against Defendants Villaboas and Voguel, and Eighth Amendment deliberate indifference to serious medical needs claim against Defendant McClain.

**I.    RELEVANT BACKGROUND**

Defendants filed an answer to Plaintiff's first amended complaint on October 28, 2024. (Doc. 27.)

On October 30, 2024, the Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 120 Days. (Doc. 28.) In relevant part, the parties were directed to "file the attached notice, indicating their agreement to proceed to an early settlement conference or their belief that settlement is not achievable at this time" within 45 days of the date of the order. (*Id*. at 2.) Defendants timely filed their notice on December 13, 2024. (Doc. 29.)

1   On December 18, 2024, when more than 45 days passed without a response from Plaintiff, the Court issued its Order to Show Cause (OSC) Why Action Should Not Be Dismissed for Plaintiff's Failure to Obey Court Order. (Doc. 30.) Plaintiff was directed to file a written response to the OSC, or, in the alternative, the notice concerning an early settlement conference, within 14 days. (*Id*. at 2.)

On January 10, 2025, when more than 14 days passed without a response from Plaintiff, the undersigned issued Findings and Recommendations to dismiss the action without prejudice for Plaintiff's failure to obey court orders and failure to prosecute. (Doc. 31.)[1]

Plaintiff filed a response to the OSC on January 13, 2025. (Doc. 32.)[2]

On January 16, 2025, the Court issued its Order Discharging Order to Show Cause, Order Vacating Findings and Recommendations to Dismiss This Action Without Prejudice for Plaintiff's Failure to Obey Court Order and Failure to Prosecute, and Order Directing Counsel for Defendants to Coordinate Settlement Conference. (Doc. 33.)

On January 27, 2025, the Court issued its Order Setting Settlement Conference in this action. (Doc. 34.)

On January 30, 2025, Plaintiff filed a three-page letter, docketed as Objections to the Court's prior Findings and Recommendations,[3] and a two-page document including handwritten notes, docketed as a Notice of Change of Address. (Docs. 35, 36.)

## II.    DISCUSSION

### *Plaintiff's Current Address*

As concerns the document docketed as a "Notice of Change of Address to CIW" on January 30, 2025, Plaintiff used a copy of this Court's Notice of Electronic Filing form served to Plaintiff on January 10, 2025, to handwrite the following notations:

---

[1] The Court has never received a Notice Regarding Early Settlement Conference from Plaintiff. (*See* Docket.)

[2] Plaintiff's filing is in the form of a letter. It bears no caption, is not dated, and is not accompanied by a proof of service.

[3] In the form of a letter, this filing bears no caption and is not accompanied by a proof of service. It is dated January 23, 2025.

2

|   |   |
|---|---|
| 1 | I'm NOT A CCWF (1508) |
| 2 | I'm AT CIW (16756) |
| 3 | I'm getting reroute mail which is not allowing me to reach deadlines properly. But as soon as I receive notice I stay in compliance with Judge's order no matter the misunderstanding. |
| 4 | |
| 5 | Attorney General have been well aware of me being housed at CIW due to via phone conference Dec. 2024. Also has been responding to legal mail with CIW address only. |
| 6 | |

(Doc. 36 at 1.)[4]

Plaintiff is reminded it is her obligation to notify the Court and opposing counsel of any change of address. *See* Local Rule 182(f). Plaintiff was so advised in this Court's First Informational Order issued March 15, 2022. (*See* Doc. 5 at 5 [VIII. CURRENT ADDRESS REQUIRED].) It does not fall to the Court or to the opposing parties to do so.

Next, Plaintiff is reminded that letters submitted to the Court may be stricken or returned. *See* Fed. R. Civ. P. 7. Plaintiff was so advised in the Court's First Informational Order. (*See* Doc. 5 at 2 [II. FILING DOCUMENTS WITH THE COURT].) Moreover, Plaintiff is reminded that documents filed with the Court must contain the caption for this action. *See* Local Rule 133. Plaintiff was so advised in the First Informational Order. (*Id*.) And Plaintiff is reminded she must attach a proof of service to her filings; again, the First Informational Order provided this information. (*See* Doc. 5 at 4 [IV. SERVICE OF DOCUMENTS][5].) Plaintiff is directed to review the First Informational Order issued March 15, 2022, as it provides important information concerning the rules and procedures applicable to this action. Moving forward, the Court will not excuse Plaintiff from complying with its orders and directives.

Because Plaintiff's notice to the Court concerning her change of address follows shortly after the two most recent orders issued by the Court, the Clerk of the Court will be directed to re-

---

[4] The First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued March 15, 2022, included a blank Proof of Service form for Plaintiff' use. (*See* Doc. 5 at 6.)

[5] The First Informational Order also included a blank Notice of Change of Address form for Plaintiff's use. (*See* Doc. 5 at 7.)

3

serve those orders, as well as a copy of its First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued March 15, 2022, to Plaintiff at her new address of record.

### *Plaintiff's Objections*

Plaintiff's filing of January 30, 2025, docketed as "Objections to Findings and Recommendations," is disregarded as moot. As noted above, the previous Findings and Recommendations issued in this action were vacated by the Court on January 16, 2025. (Doc. 33.)

### III. CONCLUSION AND ORDER

For the reasons given above, the Court **HEREBY ORDERS** the Clerk of the Court to re-serve Plaintiff with Docket Entry Numbers 5, 33, and 34, to Plaintiff's new address of record, as a one-time courtesy.

IT IS SO ORDERED.

Dated: **January 31, 2025**

UNITED STATES MAGISTRATE JUDGE