UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BELLOWS,<br><br>        Plaintiff,<br><br>v.<br><br>K. VANG, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-00300-CDB<br><br>**ORDER GRANTING <u>IN PART</u> DEFENDANTS' EX PARTE APPLICATION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 48) |

Plaintiff Patricia Bellows is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's constitutional claims against Defendants M. Valerio, J. Villalobos, and A. Vogel.[1]

**I.    INTRODUCTION**

The Court issued its Discovery and Scheduling Order on April 11, 2025. (Doc. 45.)

On May 5, 2025, this action was reassigned to the undersigned for all further purposes, including trial and entry of judgment. (Doc. 47.)

On August 8, 2025, Defendants filed an Ex Parte Application to Modify Scheduling Order, Vacate the Exhaustion Motion for Summary Judgment Deadline (MSJ), and Allow Defendants to File a Singular Summary Judgment Motion on Both the Merits and Exhaustion, if

---

[1] Defendants were erroneously named in this action as "McClain," "Villaboas," and "Voguel," respectively.

Applicable. (Doc. 48.) The Court deems any response by Plaintiff unnecessary.

## II.   DISCUSSION

Defendants ask the Court to modify the scheduling order by vacating the August 11, 2025, exhaustion motion deadline and permitting them to bring a "single summary-judgment motion, on or before February 20, 2026, …." (Doc. 48 at 1.) Defendants maintain good cause exists for their request "because it will streamline the proceedings" where defense counsel recently deposed Plaintiff, revealing "the potential need for additional discovery requests regarding the exhaustion defense." (*Id.* at 2.) Defendants assert because the deadline for the completion of discovery is December 11, 2025, they "would like to utilize this time to fully evaluation the defense" and that it "makes good sense to consolidate the exhaustion and merits-based" motions for summary judgment to a single deadline. (*Id.*) Finally, Defendants contend they will be prejudiced if their request is not granted because they will be unable to fully evaluate and present an available defense. (*Id.*) Defendants' request is supported by the Declaration of Brittany Boiko. (Doc. 48-1.)

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id.*

The Court finds good cause to modify the scheduling order *in part*, by extending the deadlines originally set for the filing of an exhaustion-based motion, the completion of all discovery, and the filing of a merits-based summary judgment motion. The undersigned does not consider combining the exhaustion-based and merits-based summary judgment motion deadlines to be an effective use of the Court's time and resources. Further, by extending the remaining deadlines, any prejudice to Defendants is avoided.

## III.   CONCLUSION AND ORDER

For good cause shown, **IT IS HEREBY ORDERED** that:

1. Defendants' ex parte application to modify the scheduling order (Doc. 48) is

**GRANTED IN PART** as follows:

    a.   The deadline for filing an exhaustion motion is **EXTENDED** from August 11, 2025, **to November 10, 2025**;

    b.   The deadline for the completion of discovery is **EXTENDED** from December 11, 2025, to **March 11, 2026**; and

    c.   The deadline for filing a merits-based dispositive motion is **EXTENDED** from February 20, 2026, to **May 21, 2026**.

IT IS SO ORDERED.

Dated:   **August 11, 2025**

UNITED STATES MAGISTRATE JUDGE