UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BELLOWS,<br><br>        Plaintiff,<br><br>    v.<br><br>K. VANG, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-00300-CDB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 54)<br><br>**ORDER DEEMING DEFENDANTS' MOTION TO COMPEL TO BE UNOPPOSED AND SUBMITTED FOR DECISION** |

Plaintiff Patricia Bellows is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment failure to protect claims against Defendants Villalobos and Vogel, and Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Valerio.[1]

**I.    INTRODUCTION**

The Court issued its Discovery and Scheduling Order on April 11, 2025. (Doc. 45.)

On November 6, 2025, Defendants filed a motion to compel responses to written discovery. (Doc. 50.)

On December 5, 2025, when Plaintiff failed to file an opposition or statement of non-opposition to Defendants' motion, the Court issued an order to show cause (OSC) to Plaintiff,

---

[1] Villalobos was sued as "Villaboas," Vogel as "Voguel," and Valerio as "McClain." (*See* Doc. 27.)

directing her to file a written response to the OSC or respond to Defendants' motion. (Doc. 54.)

On December 22, 2025, Plaintiff filed her written response to the OSC. (Doc. 55.)

## II.   DISCUSSION

### *Plaintiff's Response to the OSC*

Plaintiff states she did not respond to the Court regarding Defendants' motion to compel because at a "disposition hearing,"[2] defense counsel advised Plaintiff "to write her directly if [she] had reach a to [sic] settlement agreement." (Doc. 55 at 1.) Plaintiff sent correspondence to defense counsel in late September. (*Id.*) Thereafter, Plaintiff states she received a letter "asking for [grievance] claim pertaining to … McClain." (*Id.*) Plaintiff asked her "[counselors] at CIW for docket number to this [grievance,]" but was advised "there's no docket number for that [grievance]." (*Id.*) Plaintiff states she "filed and exhausted that [grievance] fully due to [her] being given a serious RVR and [grievance] was heard by Officer Lt. Rubalcalba at CCWF." (*Id.*)

Next, Plaintiff states she is in "RHU housing," which further restricts her efforts to find the grievance at issue. (Doc. 55 at 1.) Plaintiff writes she is "willing to amend and release McClain from [her] civil suit due to [her] not having proper access to SOMS as to the attorney general has." (*Id.*) Plaintiff contends "counselors and staff at CIW refuse to give [her] access to SOMS to further investigate [her grievance] claims." (*Id.*) She repeats she "exhausted every avenue due to McClain civil violation but evidence to uphold isn't being available to [her]." (*Id.*)

Plaintiff indicates she did not receive a response to her "settlement letter," states she is in "contact with main witnesses whom are willing to testify to threat being verbalize by McKinnley to both sergeants," and that medical records support her claimed injuries. (Doc. 55 at 2.)[3] Plaintiff states she has "followed attorney general directions to reach out to her about settlement," and "had misinterrupt [sic] that [she] had to also inform the Court." (*Id.*) Plaintiff states she is "learning civil suit law thru law library which is limited" and asks that the Court does "not throw out [her] legit violation of [her] civil rights." (*Id.*)

---

[2] The transcript from Plaintiff's deposition taken July 22, 2025, has been lodged with the Court. (*See* Doc. 50-2.)

[3] The specifics of Plaintiff's settlement offer letter are not repeated here.

*Analysis*

First, Plaintiff appears to believe she was not required to respond to Defendants' motion to compel because defense counsel indicated Plaintiff could write to defense counsel regarding a potential settlement. Plaintiff is mistaken. Magistrate Judge Stanley A. Boone held a formal settlement conference in this matter on April 10, 2025, but the matter did not settle. (*See* Doc. 43 [minutes].) The following day, the Court lifted the previous stay of these proceedings and issued its Discovery and Scheduling Order. (Docs. 44 & 45.)

On November 6, 2025, after the Court modified the scheduling order to extend certain deadlines (*see* Doc. 49), Defendants filed a motion to compel Plaintiff's responses to written discovery (Doc. 50). As previously explained, this Court's Local Rules require Plaintiff to file an opposition or statement of non-opposition to Defendants' motion within 21 days. (*See* Doc. 54 [OSC].) Any direction by defense counsel concerning a potential settlement of this action does not relieve Plaintiff of her obligation to respond to the pending motion. Stated another way, informal settlement negotiations between the parties do not relieve any party of continuing to litigate this action in accordance with Court orders. This Court's orders, its Local Rules, and the Federal Rules of Civil Procedure guide this litigation. Plaintiff is reminded of her obligations to follow the Court's orders and the applicable federal rules. (*See* Doc. 5 at 1 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case].)

In sum, the Court will discharge the OSC considering Plaintiff's written response. Defendants' pending motion to compel will be deemed unopposed and submitted for decision in due course. And as previously indicated, the Court "will issue a new scheduling order, resetting the relevant deadlines, following resolution of Defendants' pending motion to compel." (*See* Doc. 53 at 3.)

### III.  CONCLUSION AND ORDER

Based upon the foregoing, the Court **HEREBY ORDERS** that:

1. The OSC issued December 5, 2025 (Doc. 54) is **DISCHARGED**; and

//

//

3

2. Defendants' motion to compel filed November 6, 2025 (Doc. 50) is **DEEMED** unopposed and submitted for decision. The Court will issue its order in due course.

IT IS SO ORDERED.

Dated:   **December 23, 2025**

UNITED STATES MAGISTRATE JUDGE