UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BELLOWS,<br><br>           Plaintiff,<br><br>      v.<br><br>K. VANG, et al.,<br><br>           Defendants. | Case No.: 1:22-cv-00300-CDB<br><br>**ORDER GRANTING DEFENDANTS'**<br>**UNOPPOSED MOTION TO COMPEL**<br><br>(Doc. 50)<br><br><u>January 30, 2026, Deadline</u> |

Plaintiff Patricia Bellows is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

Defendants filed a motion to compel discovery on November 6, 2025, in which they seek Plaintiff's written responses to the following: Defendant Valerio's Requests for Production of Documents (Set One) and Interrogatories (Set One and Set Two); Defendant Vogel's Interrogatories (Set One) and Requests for Production of Documents (Set One); and Defendant Villalobos's Interrogatories (Set One) and Requests for Production of Documents (Set One). (Doc. 50.) Defendants' motion was deemed unopposed following Plaintiff's failure to timely file an opposition or statement of non-opposition to the motion. (*See* Docs. 54-56.)

//

//

## II.   DISCUSSION

### *Defendants' Motion to Compel Written Discovery Responses*

Defendants contend Defendant Valerio served the first set of interrogatories and requests for production of documents on August 13, 2025, making Plaintiff's responses due by September 29, 2025. Plaintiff failed to respond. Defendants Vogel and Villalobos served their first sets of interrogatories and requests for production of documents on September 18, 2025; Defendant Valerio served a second set of interrogatories that same date. Plaintiff's responses to the three Defendants' written discovery requests were due November 3, 2025; Plaintiff again failed to respond.

Defendants ask the Court to compel Plaintiff to respond to Defendants' outstanding written discovery requests. Defendants contend Plaintiff has neither responded "substantively, or even via objections" and has "waived her right to objecting to any of the written discovery requests" as a result. Defendants maintain the discovery sought "follows up on information asked during [Plaintiff's deposition], including what grievance Plaintiff claims exhausted her administrative remedies, especially as to Valerio." Defendants maintain that even if Plaintiff did not provide copies of the "grievances themselves, at minimum, Plaintiff should be required to provide the log number(s) since that may be important information in determining whether Plaintiff exhausted all her claims.

### *Applicable Legal Standards*

The Court has broad authority to manage its docket and control discovery. *See, e.g.*, *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("broad discretion is vested in the trial court to permit or deny discovery"). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

2

A motion to compel is appropriate where a party fails to answer interrogatories pursuant to Rule 33 and/or to produce relevant, non-privileged documents requested pursuant to Rule 34 that are in the responding party's possession, custody, or control. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). An evasive or incomplete answer or response to a discovery request "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P 37(a)(4).

*Analysis*

Defendants' motion is supported by the Declaration of Brittany Boiko. (Doc. 50-1.) Ms. Boiko declares that as of November 6, 2025, Defendants have not received Plaintiff's responses to Valerio's first set of request for production of documents (Exhibit A) and first set of interrogatories (Exhibit B) served August 13, 2025, or to Vogel's first sets of interrogatories and requests for production of documents, Villalobos's first sets of interrogatories and requests for production of documents, and Valerio's second set of request for production of documents, all served September 18, 2025 (Exhibit C).

The Court has reviewed the discovery requests[1] and finds all such requests seek relevant information about Plaintiff's exhaustion of her administrative remedies against Defendants.[2] Fed. R. Civ. P. 26(b)(1). Thus, these requests are within the scope of discovery authorized by Rule 26(b), and Plaintiff must respond to them.[3] As concern Defendants' request for production of documents, if Plaintiff does not have documents responsive to any of these requests, or if the documents do not exist, then Plaintiff must specifically state so. In sum, Defendants' motion to compel will be granted and Plaintiff will be directed to provide written responses to all

---

[1] Each request for production of documents is singular and specific; for example: "All documents supporting your claim that you exhausted administrative remedies as to the allegations in this lawsuit against Defendant Valerio (McClain)." (*See* Doc. 50-1 at 6; *see also id*. at 25, 28.) The interrogatories are similarly specific. (*See* Doc. 50-1 at 11, 16, 19, 22.)

[2] The Court has also reviewed the transcript of Plaintiff's deposition taken July 22, 2025, and in particular, Plaintiff's responses to defense counsel's inquiries regarding Plaintiff's exhaustion of administrative remedies.

[3] Plaintiff has waived her right to any objections by her previous failure to respond to written discovery. *See, e.g.*, *Cardenas v. Edwards*, No. 2:19-CV-0691-TLN-DMC-P, 2021 WL 2142663, at *2 (E.D. Cal. May 26, 2021) ("the Court has reviewed the written discovery at issue and finds that Defendant's requests seek relevant information, specifically information related to Plaintiff's exhaustion of administrative remedies prior to filing his lawsuit. Plaintiff's refusal to provide written responses to Defendants' interrogatories and requests for production of documents … violate the Federal Rules of Civil Procedure and this Court's scheduling order. Defendants' motions will be granted. Any objections are waived").

outstanding discovery propounded by Defendants.

Plaintiff is admonished that this Court may impose sanctions for a failure to cooperate in discovery.[4] Further, Plaintiff is reminded that a failure to obey Court orders may result in dismissal of this action.[5] Finally, the Court will direct the Clerk of the Court to issue a new Discovery and Scheduling Order in this action.

### III.   CONCLUSION AND ORDER

Accordingly, and the reasons given above, the Court **HEREBY ORDERS** that:

1. Defendants' motion to compel filed November 6, 2025 (Doc. 50) is **GRANTED**; and
2. Plaintiff **SHALL** respond to the following outstanding written discovery requests **no later than Friday, January 30, 2026**:
    a. Defendant Valerio's Requests for Production of Documents (Set One) and Interrogatories (Set One and Set Two);
    b. Defendant Vogel's Interrogatories (Set One) and Requests for Production of Documents (Set One); and
    c. Defendant Villalobos's Interrogatories (Set One) and Requests for Production of Documents (Set One)
3. The Clerk of the Court is **DIRECTED** to issue a new scheduling order for this action.

**Any failure by Plaintiff to comply with this Order may result in the imposition of sanctions, which may include dismissal of this action.**

IT IS SO ORDERED.

Dated:   **January 8, 2026**                         _____
                                                                       UNITED STATES MAGISTRATE JUDGE

---

[4] *See also* Doc. 45 at 1-2 ("The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules").

[5] *See* Doc. 5 at 1 ("Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case").

4