UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICIA BELLOWS,

Plaintiff,

v.

K. VANG, et al.,

Defendants.

Case No.: 1:22-cv-00300-CDB (PC)

**ORDER GRANTING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS**

(Doc. 59)

Plaintiff Patricia Bellows is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's constitutional claims against Defendants M. Valerio, J. Villalobos, and A. Vogel.[1]

## I. RELEVANT BACKGROUND

On January 8, 2026, the Court issued its Order Granting Defendants' Unopposed Motion to Compel. (Doc. 57.) Plaintiff was ordered to respond to Defendants' outstanding discovery requests[2] no later than January 30, 2026. (*Id*. at 4.)

On March 18, 2026, Defendants filed a motion for terminating sanctions. (Doc. 59.)

[1] Defendants were erroneously sued as "McClain," "Villaboas," and "Voguel," respectively.

[2] Specifically, Plaintiff was ordered to respond to Defendant Valerio's Requests for Production of Documents (Set One) and Interrogatories (Set One and Set Two); Defendant Vogel's Interrogatories (Set One) and Requests for Production of Documents (Set One); and Defendant Villalobos's Interrogatories (Set One) and Requests for Production of Documents (Set One). (*See* Doc. 57 at 4.)

Plaintiff opposed (*see* Docs. 60 & 61 [construing Doc. 60 as an opposition]) and Defendants replied (Doc. 62).

## II. DISCUSSION

### *Summary of the Parties' Briefing*

Defendants move for terminating sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure for Plaintiff's failure to respond to Defendants' discovery requests. In support of their motion, Defendants maintain they served various discovery requests to Plaintiff but she failed to respond. Further, when the Court granted Defendants' motion to compel, ordering Plaintiff to respond to the outstanding discovery requests, Plaintiff again failed to respond. Defendants argue the Court should terminate this action for Plaintiff's failure to comply with its order compelling Plaintiff to respond to Defendants' discovery requests, that Plaintiff's failure was willful, that the public's interest in the expeditious resolution of cases and the Court's need to manage its docket weigh in favor of dismissal, that Defendants continue to be severely prejudiced by Plaintiff's inaction, that the public policy favoring merits-based decisions does not weigh in favor of a litigant to hinders disposition, and that no lesser sanctions are available. (*See* Doc. 59.)

Plaintiff opposes Defendants' motion. In short, Plaintiff contends she has "complied and followed every order" despite mail delays and a lack of access to her legal materials and the law library. She asks the Court to "reach out to litigation Officer Hogan to confirm [her] mail outs dated because they are all documented." Plaintiff further asks the Court to "reconsider[] and vacate judgement to dismiss when evidence disapprove the allegations" by defense counsel.[3] (*See* Doc. 60.)

In their reply to Plaintiff's opposition, Defendants contend Plaintiff's arguments do not excuse her non-compliance with the Court's order granting their motion to compel, that the mail log demonstrates Plaintiff failed to serve her discovery responses after the Court granted

[3] Attached to Plaintiff's filing are copies of the following documents: Defendants' motion; an Office of Appeals (Third Level) Decision dated November 8, 2021, concerning CCWF-20-01854; grievance CCWF-D-20-01854; a Second Level Response dated May 26, 2020, concerning CCWF-D-20-01854; an inmate appeal dated May 8, 2020, concerning grievance CCWF-C-20-01755; and a Second Level Response dated June 12, 2020, concerning CCWF-C-20-01755.

Defendants' motion to compel, and that Plaintiff failed to sufficiently or meaningfully address Defendants' arguments for terminating sanctions. As a result, Defendants assert the Court should grant the motion for terminating sanctions. (*See* Doc. 62.)

***Applicable Legal Standards***

Rule 37(b) of the Federal Rules of Civil Procedure provides that if a party "fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders." Those further orders may include a wide range of sanctions, such as adverse inferences, "striking pleadings in whole or in part," and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A); *see Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) ("Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules") (citations omitted). In addition, Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The standards governing dismissal for failure to obey a court order are essentially the same under either of these rules. *See Malone v. U.S. Postal Serv*., 833 F.2d 128, 130 (9th Cir. 1987) (explaining that standards governing dismissal under Rules 16(f), which allows for sanctions as authorized by Rule 37(b), and under Rule 41(b) are "basically the same").

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe," and "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (citation omitted). The "misconduct penalized must relate to matters in controversy in such a way as to interfere with the rightful decision of the case." *Tripati v. Corizon Inc*., 713 F. App'x 710, 711 (9th Cir. 2018) (quoting *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 381 (9th Cir. 1988)).

In addition to the willfulness, bad faith, and fault prerequisite, a district court must weigh the following five factors in deciding whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone*, 833 F.2d at 130. These factors are "not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

***Analysis***

First, the Court clarifies Plaintiff's apparent misunderstanding concerning this case's procedural posture. Plaintiff asks the Court to "reconsider[] and vacate judgement to dismiss …." But no judgment has yet been entered in this case. (*See* Docket, generally.) Thus, there is no judgment to "vacate" or reconsider.

Second, Defendants seek terminating sanctions for Plaintiff's failure to comply with the Court's order to respond to Defendants' outstanding discovery requests. The Court thus considers the relevant factors as recited above.

<u>Willfulness, Bad Faith, or Fault</u>

The Ninth Circuit has stated that "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions." *Conn. Gen. Life Ins. Co*., 482 F.3d at 1096 (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). This prerequisite "does not require wrongful intent." *Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal 2014). Instead, "'[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault.'" *Jorgensen*, 320 F.3d at 912 (citation omitted). "Delay, failure to appear for depositions, failure to answer interrogatories resulting from a party being out of town, and misunderstanding a party's own counsel are not matters outside of a party's control." *Nat'l Corp. Tax Credit Funds III, IV, VI, VII v. Potashnik*, No. CV 07-3528 PSG (FMOx), 2010 WL 457626, at *4 (C.D. Cal. Feb. 4, 2010) (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949 (9th Cir. 1993)). Willful misconduct is established when a party knowingly disobeys a court order without justification. *See Fjelstad v. American Honda Motor Co*., 762 F.2d 1334, 1341 (9th Cir. 1985). In assessing willfulness, the Court may consider the party's motivations and can consider her "dilatory and obstructive conduct" in the case and other related cases. *Compass Bank v. Morris Cerullo World Evangelism*,

104 F. Supp. 3d 1040, 1053 (S.D. Cal. 2015).

Here, despite Plaintiff's unsupported assertions to the contrary, the record before the Court demonstrates that Plaintiff has failed to respond to Defendants' discovery requests and failed to comply with the Court's order directing her to do so. Plaintiff asserts in her opposition that she sent "documents" to defense counsel on two occasions: the first time between January 26 and 30, 2026, and again sometime after she received her property on February 8, 2026. However, at the time Defendants filed their motion to compel on March 18, 2026, Defendants had not received responsive documents. And Defendants confirmed no responsive documents had been received in their motion reply papers filed April 29, 2026. In that reply, Defendants provide the Declaration of C. Hogan, Correctional Counselor II and Litigation Coordinator at the California Institution for Women, were Plaintiff is currently housed. (*See* Doc. 62-1.) Hogan declares that following a review of Plaintiff's outgoing legal mail between January and April 15, 2026, Plaintiff sent the following outgoing legal mail:

- 1/18/2026: Unknown (no address entered in log)
- 2/22/2026: United States District Court for the Central District of California
- 4/9/2026: United States District Court for the Eastern District of California

(Doc. 62-1 at 2, ¶ 3.) Hogan further declares they did not "see any record of any outgoing legal mail specifically to DAG Brittany Boiko (or the Department of Justice generally) in San Diego, CA recorded" during that period. (*Id.*)[4]

The Court finds Plaintiff has failed to comply with this Court's January 8, 2026, order that she respond to Defendants' outstanding discovery requests by January 30, 2026. First, although Plaintiff sent outgoing legal mail on January 18, 2026, there is no evidence that outgoing mail was directed to defense counsel in this matter. And the remainder of Plaintiff's outgoing mail during the relevant period was directed to this Court or the U.S. District Court for the Central District of California, rather than to defense counsel. Indeed, counsel for Defendants declared "To

[4] Plaintiff's incoming legal mail during the same period reveals the following documentation: (1) from this Court on 12/9/2025; (2) two pieces from the United States District Court for the Central District of California on 2/6/2026; (3) from this Court on 2/9/2026; (4) two pieces from the United States District Court for the Central District of California on 3/9/2026; and (5) from the Department of Justice in San Diego on 4/1/2026. (*See* Doc. 62-1 at 2, ¶ 4.)

date, I am not aware of Plaintiff sending the responses ordered by the Court. I am also not aware of receiving any communication from Plaintiff after the Court's January 8, 2026 order about the status of her responses, or requesting additional time." (*See* Doc. 59-1 at 2, ¶ 4.) Second, Plaintiff's outgoing legal mail directed to this Court on April 9, 2026, accords with the Court's receipt of her opposition to the instant motion on April 14, 2026.[5] Third, a review of the docket in *Bellows v. Perez*, No. 5:25-cv-00067-DOC-AJR, an action Plaintiff filed in the U.S. District Court for the Central District of California (Eastern Division – Riverside), reveals that Court did not receive or record any mail from Plaintiff in that action during the relevant period[6] despite an indication Plaintiff directed mail to that court on February 22, 2026. (*See* Case No. 5:25-cv-607 docket, generally.) The Court notes the action was dismissed for Plaintiff's failure to prosecute and failure to comply with court orders on March 3, 2026. (Case No. 5:25-cv-607, Docs. 18 [order accepting recommendations] & 19 [judgment]). Further, a review of the docket for *Bellows v. Hernandez*, Case No. 1:25-cv-00110-CDB, filed in this Court and assigned to the undersigned, reveals this Court did not receive or record any mail from Plaintiff in that action during the relevant period. In any event, the Court can only conclude that whatever Plaintiff mailed to his Court and its sister court did not warrant docketing in either action.

In short, whatever legal mail Plaintiff sent on January 18 and February 22, 2026, does not amount to compliance with this Court's January 8, 2026, order directing Plaintiff to respond to Defendants' outstanding discovery requests no later than January 30, 2026. Therefore, Plaintiff's "fault" or failure to comply justifies termination. *See Conn. Gen. Life Ins. Co*., 482 F.3d at 1096.

<u>The Public's Interest in Expeditious Resolution of Litigation</u>

The public has "an overriding interest" in orderly, expeditious, and inexpensive determination of every action. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig*., 460 F.3d

---

[5] Additionally, a review of the docket for *Bellows v. Hernandez*, Case No. 1:25-cv-00110-CDB, filed in this Court and assigned to the undersigned, confirms this Court did not receive or record any mail from Plaintiff in that action during the relevant period.

[6] This Court may take judicial notice of court records. *See Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

1217, 1227 (9th Cir. 2006). "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

Here, the undersigned finds Plaintiff has failed to comply with the Court's January 8, 2026, order (*see* Doc. 57) and her obligations pursuant to the Discovery and Scheduling Order issued that same date (*see* Doc. 58).[7] Plaintiff's refusal to comply with discovery obligations and to comply with the January 2026 order have delayed the expeditious resolution of this case. As such, the public interest in efficient resolution of cases has been thwarted by Plaintiff's refusal to participate in the discovery process.

<u>The Court's Need to Manage Its Docket</u>

Similarly, any prolonged resolution inhibits the Court's need to manage its docket. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co*., 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal may be necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

Plaintiff's continued failure to cooperate in discovery and to follow the Court's orders have unreasonably consumed its limited judicial time and resources. The Eastern District of California has one of the heaviest caseloads in the country, and Plaintiff's continued refusal to participate in the discovery process has already resulted in its consideration of modifications to the scheduling order (*see* Docs. 49 & 53) and a motion to compel (Doc. 50), demanding the Court's attention, time, and resources, prior to consideration of the instant motion for sanctions (Doc. 59). Thus, considerations of judicial economy weigh in favor of terminating sanctions. *Ferdik*, 963 F.2d at 1261.

<u>The Risk of Prejudice to Defendants</u>

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go

---

[7] The Court initially issued a Discovery and Scheduling Order on April 11, 2025. (Doc. 45.) The scheduling order was later modified (Doc. 49), in part to allow for discovery regarding an exhaustion defense. However, that order was vacated on November 10, 2025, and the Court indicated it would "issue a new scheduling order, resetting the relevant deadlines, following resolution of Defendants' pending motion to compel." (*See* Doc. 53.)

to trial or threaten to interfere with the rightful decision of the case." *In re PPA*, 460 F.3d at 1227.

After first failing to respond to Defendants' requests for production of documents, Plaintiff failed to comply with this Court's order to provide responses to Defendant Valerio's Requests for Production of Documents (Set One) and Interrogatories (Set One and Set Two), Defendant Vogel's Interrogatories (Set One) and Requests for Production of Documents (Set One), and Defendant Villalobos's Interrogatories (Set One) and Requests for Production of Documents (Set One). Defendants are entitled to have discovery requests answered and Plaintiff's continued refusal to engage in the discovery process is decidedly prejudicial to Defendants. Accordingly, there appears to be no justifiable reason for Plaintiff's failure to comply with the Court's order and this factor also favors dismissal.

<u>The Public Policy Favoring Disposition on the Merits</u>

This factor "lends little support" where the behavior of the party against whom dismissal is sought impeded disposition of the case on its merits. *In re PPA*, 460 F.3d at 1228; *Sanchez*, 298 F.R.D. at 472 ("While the fourth factor of the test generally tends to cut against dismissal as a sanction, the public policy favoring the disposition of cases on their merits is not furthered by litigants who ... refuse to provide the defense with critical discovery, thereby hindering the preparation of a defense on the merits."); *Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (this factor does not preclude dismissal where the other factors weigh in favor of dismissal).

Here, Plaintiff's refusal to participate in discovery and to obey Court orders is impeding disposition of this case and thus weighs in favor of dismissal.

<u>The Availability of Less Drastic Sanctions</u>

As to the availability of lesser sanctions, the relevant questions are: "(1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" *Malone*, 833 F.2d at 132. "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of

the sanction and the adequacy of less drastic sanctions." *Id*. at 131-32. A "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001); *Malone*, 833 F.2d at 132-33.

Here, the undersigned finds no other, lesser sanctions that would be satisfactory or effective. Plaintiff is proceeding *in forma pauperis* in this action (*see* Doc. 10) and there is nothing in this record to indicate that imposing monetary sanctions will induce Plaintiff to cooperate or prosecute her case. Nor does it appear that evidentiary sanctions would be an effective alternative given Plaintiff's failure to participate in discovery entirely – thus, for instance, this is not a case where a party's failure to provide discovery on a discrete or narrow set of issues could warrant tailored evidentiary sanctions. Further, the parties were warned as follows in the scheduling orders: "The parties are required to act in good faith during the course of discovery and are reminded that failure to do so may result in the imposition of sanctions." (Doc. 45 at 2-3 & Doc. 58 at 2-3.) Moreover, when Plaintiff failed to respond to Defendants' motion to compel, in the Order to Show Cause that followed Plaintiff was warned: "<u>Any failure by Plaintiff to respond to this Order may result in dismissal of this action for a failure to obey court orders and the Local Rules, and for failure to prosecute</u>." (Doc. 54 at 3, emphasis in original.) Lastly, and significantly, in this Court's January 8, 2026, order granting the motion to compel, Plaintiff was warned: "<u>Any failure by Plaintiff to comply with this Order may result in the imposition of sanctions, which may include dismissal of this action</u>." (Doc. 57 at 4, emphasis in original.) For these reasons, the undersigned finds that lesser sanctions would be ineffective and insufficient to address Plaintiff's failures, and that Plaintiff has been adequately warned. *Estrada*, 244 F.3d at 1057; *Ferdik*, 963 F.2d at 1262 (a "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citing *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424)).

<u>Summary</u>

In sum, the undersigned concludes that dismissal pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure is appropriate as the applicable factors weigh in favor of

dismissal. Dismissal pursuant to Rule 41(b) is also appropriate as Plaintiff has failed to prosecute the action and to comply with Court orders.

## III. CONCLUSION AND ORDER[8]

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that:

1. Defendants' Motion for Terminating Sanctions (Doc. 59) is **GRANTED**;
2. This action is **DISMISSED** with prejudice for Plaintiff's failure to prosecute and failure to obey court orders; and
3. The Clerk of the Court is directed to terminate any deadlines or motions and to close this case.

IT IS SO ORDERED.

Dated: **August 4, 2026**

UNITED STATES MAGISTRATE JUDGE

[8] All parties consented to the jurisdiction of a magistrate judge "for all proceedings in this action …." (*See* Doc. 47.)